36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sandra COSIO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3249.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1994.
 
 Before NEWMAN, LOURIE, and RADER, Circuit Judges.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 Sandra Cosio petitions for review of the final decision of the Merit Systems Protection Board, Docket No. CB7121930038-V-1, dismissing for untimeliness her appeal from an arbitrator's decision denying the grievance of her removal from her position as Administrative Clerk with the United States Marshals Service (agency). Because we conclude that the board abused its discretion in determining that Cosio failed to show good cause for her five-day delay in filing, we reverse and remand.
 
 DISCUSSION
 
 2
 On April 8, 1992, the agency issued a letter notifying Cosio of its decision to remove her because of unacceptable performance. The letter advised her that there were two mutually exclusive options available to challenge the agency action: an appeal to the Merit Systems Protection Board or a grievance under the agency's negotiated grievance procedure. Cosio elected to challenge the agency action by filing a formal grievance, which ultimately led to arbitration. On May 25, 1993, the arbitrator issued a decision that substantial evidence of unacceptable performance justified Cosio's removal.
 
 
 3
 On June 26, 1993, thirty days after the arbitrator's decision, Cosio filed a request for review with the board. The board issued a notice informing her that the request for review did not appear to have been timely filed since the board's regulations provide that such a request be filed within twenty-five days of the decision. See 5 C.F.R. Sec. 1201.154(d) (1993). The board directed Cosio to provide an affidavit showing good cause for the untimely filing of her request for review. See 5 C.F.R. Sec. 1201.22(c) (1993).
 
 
 4
 Cosio submitted an affidavit of her representative[1] to establish that good cause existed for her untimely filing. Specifically, the representative averred, based on the Master Agreement between the U.S. Marshals Service and the International Council of U.S. Marshals Service Locals, AFGE, that he believed that the thirty-five day time limit for filing an exception with the Federal Labor Relations Authority (FLRA)[2] governed and, upon learning that it did not, the representative then filed with the board. Cosio also argued that the late filing was caused by the lack of notice of her right to appeal the arbitrator's decision. Further, she argued that, although the agency informed her of her appeal rights at the time of her removal, such notice was inadequate because she was unlikely to remember the time limit for filing a request for review when she received the arbitrator's decision a year after receiving the board's regulations.
 
 
 5
 The board dismissed Cosio's appeal as untimely, concluding that she had failed to exercise due diligence or ordinary prudence under the particular circumstances of her case. See Alonzo v. Department of Air Force, 4 M.S.P.R. 180, 184 (1980). The board found that the agency properly notified Cosio of her appeal rights because it provided a copy of the board's regulations with her notice of removal. The board's regulations prescribed the deadline for filing a request for review of an arbitrator's decision. Further, the board found that the erroneous belief of Cosio's representative that the appeal should be filed at the FLRA within thirty-five days did not excuse the lateness in filing. In this regard, the board noted that a petitioner is responsible for the inactions of her representative. See Overton v. Department of Treasury, 45 M.S.P.R. 326, 327 (1990). Cosio now appeals and reiterates her arguments here.
 
 
 6
 Our review is limited to whether the board's decision not to waive the regulatory time limit was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc); see 5 U.S.C. Sec. 7703(c) (1988). Here, the record indicates that the board considered each of Cosio's assertions and found no excuse adequate to show good cause.
 
 
 7
 However, a relevant document, viz., the Master Agreement between the union and the agency, did provide, albeit erroneously, that review could be had by filing within thirty-five days at the FLRA. Cosio did file her petition within that thirty-five day period at the proper tribunal, the board.
 
 
 8
 We fail to see why a timely filing made in reasonable reliance on and in accordance with the collective bargaining agreement, albeit not within the board's regulations, does not satisfy the good cause standard. Why the collective bargaining agreement contained erroneous information is not clear, but it can hardly imply lack of diligence or inattentiveness for Cosio to have acted in accordance with its provisions. We are not here faced with a statute presenting a fixed time for appeal, but a regulation which permits late filing for good cause. Such a standard seems tailor-made for petitioners acting in reasonable reliance on relevant documents who file just after the required date.
 
 
 9
 We conclude that the board abused its discretion by failing to find good cause for Cosio's five-day tardiness and remand for further appropriate proceedings.
 
 
 
 [1]
 The president of the International Council of U.S. Marshals Service Locals, AFGE, represented Cosio before the board
 
 
 [2]
 See 1989 Master Agreement--U.S. Marshals Service and the International Council of U.S. Marshals Service Locals, AFGE, Art. 25, Secs. 7, 16